# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:12-CR-83-TLS |
| | ) | |
| JOSEPH TOPP | ) | |

## SENTENCING OPINION

The Defendant, Joseph Topp, pled guilty to the single count of the Indictment charging him with distributing materials involving the sexual exploitation of minors, a violation of 18 U.S.C. § 2252(a)(2). In preparation for sentencing, the United States Probation Office prepared a Presentence Investigation Report (PSR), calculating the applicable guideline range for the Defendant's offenses as 135 to 168 months of imprisonment. In response to the PSR, the Defendant lodged objections to the probation officer's application of various enhancement to his base offense level due to specific offense characteristics. The Government filed a Sentencing Memorandum in support of the enhancements. This Opinion constitutes the Court's ruling on the objections.

## ANALYSIS

"When calculating a sentence, a district court first calculates the proper range under the sentencing guidelines. It then considers that guideline range in addition to any of the other relevant sentencing factors under 18 U.S.C. § 3553(a) before arriving at the appropriate sentence." *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008).

**A.     PSR Paragraph 41, USSG § 2G2.2(b)(2)**

The PSR applies a two level increase to the offense level on the basis that the material involved a prepubescent minor or a minor under the age of twelve. The Defendant objects on grounds that there is no indication as to how this determination was made or who made the assessment that the individuals were younger than twelve.

The description of the videos at issue identify the children as younger than twelve years old. According to the probation officer, FBI Special Agent Kerri L. Reifel viewed the videos and, in describing their content, opined that they contained prepubescent minors from age seven to age eleven. "A district court may rely on facts asserted in the PSR if the PSR is based on sufficiently reliable information." *United States v. Rollins*, 544 F.3d 820, 838 (7th Cir. 2008). "The defendant bears the burden of proving that the PSR is inaccurate or unreliable," and if he offers no evidence to question the PSR's accuracy, the court may rely on it. *Id.* The Defendant has not presented any evidence to suggest that the PSR inaccurately reports the findings of the trained FBI agent regarding the ages of the children depicted in the videos, or that the FBI agent was mistaken in her assessment. The Court finds that it has been shown that it is more likely than not that at least some of the children depicted in the videos were under the age of 12. Accordingly, the objection to the two level enhancement under § 2G2.2(b)(2) is overruled.

**B.     PSR Paragraph 42, USSG § 2G2.2(b)(3)(F)**

The Defendant objects to the two level increase for distribution other than described in subdivision (A) though (E) of §2G2.2(b)(3)(F). The Defendant submits that his actions amounted to the solicitation and receipt of material and did not involve distribution.

The definition of distribution includes the posting of material on a website for public viewing. *United States v. Robinson*, 714 F.3d 466, 467 (7th Cir. 2013) (citing U.S.S.G. § 2G2.2, application note 1). Here, the investigators downloaded the videos directly from the Defendant's IP address where he had child pornography files open for public download on a Peer-to-Peer (P2P) file sharing program. The investigator was only able to browse the Defendant's shared directories after obtaining the password to these files through the chat room function of the P2P site. As he browsed, he observed several video files being shared. Based on this information, the Court finds that the Defendant did not limit his activities to solicitation and receipt, but knowingly made files of child pornography available to other uses of the P2P site, which is sufficient for application of the distribution enhancement.

### C.     PSR Paragraph 43, USSG § 2G2.2(b)(4)

The PSR includes a four level enhancement because the offense involved material that portrayed sadistic or masochistic conduct or other depictions of violence. The Defendant disagrees that the videos involved such conduct.

The Defendant has not shown that the descriptions of the videos contained in the PSR are inaccurate or unreliable. Accordingly, the Court relies on the descriptions to determine whether the material portrays sadistic or masochistic conduct or other depictions of violence. Paragraph 15 of the PSR describes the content of one of the videos possessed and shared by the Defendant as involving an adult male anally penetrating a boy between the ages of nine and eleven. Because this penetration likely caused physical pain to the child, the enhancement applies. *See United States v. Myers*, 355 F.3d 1040, 1043 (7th Cir. 2004) (holding that a video that portrayed

3

adult male penetrating young girl portrayed conduct that would have caused pain to the child the enhancement was appropriate); *see also United States v. Hoey*, 508 F.3d 687, 691 (1st Cir. 2007) (images depicting the sexual penetration of young and prepubescent children by adult males represent conduct sufficiently likely to involve pain and to support a finding that it is inherently sadistic or similarly violent); *United States v. Kimler*, 335 F.3d 1132, 1143 (10th Cir. 2003) (an image of an adult sexually penetrating a prepubescent child portrays conduct from which a court can presume that pain and humiliation were inflicted upon the child as a means to give sexual gratification to the viewer of the image and, thus, is inherently sadistic or violent).

### D.    PSR Paragraph 44, USSG § 2G2.2(b)(6)

Two levels were added to the Defendant's offense level because he used a computer for the possession, transmission, receipt, or distribution of material. According to the Defendant, even though he used a computer, the two level enhancement should not be applied. The factual basis for the enhancement is not in dispute, and the Defendant has not cited any legal authority to support his objection. Accordingly, the PSR appropriately includes the two level enhancement to arrive at the advisory Guideline range.

### E.    PSR Paragraph 45, USSG § 2G2.2(b)(7)(C)

The Defendant objects to a four level enhancement because his offense involved at least 300 images but fewer than 600 images. The Defendant has not asserted that the number of images reported in the PSR is factually erroneous. Accordingly, the PSR appropriately includes the four level enhancement to arrive at the advisory Guideline range.

If the Defendant intends to argue that the above increases in his offense level cause the advisory Guideline range to overrepresent the seriousness of his offense and create a sentence that is higher than necessary to meet the purposes of punishment, this is an argument that is more appropriately made in the context of § 3553(a), where the Court will consider how much deference to give to the increase in the advisory Guideline sentence that is brought about by the specific offense characteristics. The Court cannot make this determination unless it has first properly calculated the applicable guideline range, which in this case, includes the enhancements outlined in the PSR.

## CONCLUSION

For the reasons stated above, the Defendant's objections to the PSR are OVERRULED.

SO ORDERED on May 27, 2014.

                                                 s/ Theresa L. Springmann
                                                 THERESA L. SPRINGMANN
                                                 UNITED STATES DISTRICT COURT